[PRACTICE.]

## WINN's Heirs *agn' ist* JACKSON and Others.

The judgment of the highest Court of law of a State, deciding in favour of the validity of a statute of a State, drawn in question on the ground of its being repugnant to the constitution of the United States, is not a *final* judgment within the 25th section of the Judiciary Act of 1789, ch. 20., if the suit has been remanded to the inferior State Court, where it originated, for further proceedings, not inconsistent with the judgment of the highest Court

ERROR to the Court of Appeals of Kentucky.

This was an ejectment, originally brought in the Harrison Circuit Court of the State of Kentucky, by the plaintiffs in error, against the defendants in error, and judgment being rendered for the plaintiffs, the cause was carried, by writ of error, to the Court of Appeals, being the highest Court of law and equity of that State. The judgment was reversed in the Court of Appeals, and the cause remanded to the Harrison Circuit Court, for further proceedings, not inconsistent with the decision of the Court of Appeals. Whereupon the plaintiffs sued out their writ of error under the 25th section of the Judiciary Act of 1789, c. 20. and brought the cause before this Court, as being a suit where was drawn in question the validity of a statute of the State of Kentucky, on the ground of its being repugnant to the constitution of the United States, and the decision being in favour of its validity.

Mr. *Wickliffe* moved to quash the writ of error, upon the ground, that although the decision of the Court of Appeals was in favour of the validity of the statute which had been drawn in question as being repugnant to the constitution of the United States, the judgment of that Court was not " a final judgment" within the true meaning of the 25th section

*Feb.* 1*st.*

of the Judiciary Act of 1789, ch. 20. the case having been remanded to the Circuit Court of Harrison for further proceedings.[a]

Motion allowed.

*a* He cited Gibbons v. Ogden, 6 *Wheat. Rep.* 448.